IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURA INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> BULLEY & ANDREWS, LLC, an Illinois corporation; and NIKOLAS CARAM <br><br> Defendants. | Court No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, SECURA INSURANCE COMPANY ("SECURA"), by its attorneys, BEST, VANDERLAAN & HARRINGTON, and for its Complaint for Declaratory Judgment against Defendants BULLEY & ANDREWS, LLC, an Illinois corporation; and NIKOLAS CARAM, states as follows:

**NATURE OF THE ACTION**

1. In this Complaint, SECURA seeks a declaratory judgment confirming that it does not owe any potential coverage, duty to defend nor duty to indemnify BULLEY & ANDREWS, LLC ("BULLEY") pursuant to a Commercial Protection Policy or a Commercial Umbrella Policy issued by SECURA to its named insured, "Terry Plumbing Company d/b/a A Matrix Holdings LLC", with respect to an underlying lawsuit captioned *Nikolas Caram v. Bulley & Andrews, L.L.C.*, which is pending before Circuit Court of Cook County, Illinois, as Case Number 2025 L 7020 (the "Underlying Suit").

1

## PARTIES

2. Plaintiff, SECURA, is an insurance company organized under the laws of Wisconsin and with its principal place of business in Neenah, Wisconsin. Thus, SECURA is a citizen of Wisconsin.

3. Defendant, BULLEY, is an Illinois corporation with its principal place of business in Illinois and is thus a citizen of Illinois.

4. Defendant, NIKOLAS CARAM ("CARAM"), is the underlying plaintiff and is included hereto as a potentially interested and thus necessary party, only, without any specific relief being sought by Plaintiff against them, other than to bind them to any declaratory judgement entered by the Court.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(a)(1), (b)(1)-(3), (c)(1)-(2), (d), because all parties are subject to the personal jurisdiction in this District, and because the insurance contract at issue was performed in this District.

## THE UNDERLYING ACTION

7. The Underlying Complaint, a true and correct copy of which is attached hereto at ECF 1-1, alleges that BULLEY was liable for injuries incurred by CARAM when CARAM was injured due to alleged electrocution in or around a confined space entry on a project that was created by BULLEY. There are no allegations in the Underlying Complaint that Terry Plumbing created the unsafe condition in the space entry or was otherwise liable for CARAM's injuries. *Id.*

## THE SECURA POLICIES

8.      SECURA issued Commercial Protection policy number 20-CP-003369180-2 ("CGL Policy") to Terry Plumbing Company DBA: A Matrix Holdings LLC Company, as named insured, with effective dates of July 1, 2024, to July 1, 2025. A copy of the SECURA General Liability Policy is attached in ECF No. 1-2.

9.      SECURA also issued Commercial Umbrella Policy number 20-CU-003369183-2 ("Umbrella Policy") to the same named insured for the same policy period.  A copy of the SECURA Umbrella Policy is attached in ECF No. 1-3.

10.     The CGL Policy contains the following potentially relevant provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

   …

2. **Exclusions**

   This insurance does not apply to:
   …
   b. **Contractual Liability**

      "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

3

    **(1)**  That the insured would have in the absence of the contract or agreement; or

    **(2)**  Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

        **(a)**  Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

        **(b)**  Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**d.**  **Worker's Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation or any similar law.

**e.**  **Employer's Liability**

"Bodily injury" to:

    **(1)**  An "employee" of the insured arising out of and in the course of:

        **(a)**  Employment by the insured; or

        **(b)**  Performing duties related to the conduct of the insured's business; or

    **(2)**  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

…

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

…

**2.**  If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

    **a.**  The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

    **b.**  This insurance applies to such liability assumed by the insured;

    **c.**  The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

    **d.**    The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured in the same "insured contract";

    **e.**    The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

    **f.**    The indemnitee:

        **(1)**    Agrees in writing to:

            **(a)**    Cooperate with us in the investigation, settlement or defense of the "suit";

            **(b)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

            **(c)**    Notify any other insurer whose coverage is available to the indemnitee; and

            **(d)**    Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

        **(2)**    Provide us with written authorization to:

            **(a)**    Obtain records and other information related to the "suit"; and

            **(b)**    Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when we have used up the applicable limit of insurance in the payment of judgments or settlements or the conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

…

**SECTION II – WHO IS AN INSURED**

**1.**    If you are designated in the Declarations as:

    **a.**    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    **b.**    A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

      **c.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

      **d.**    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

      **e.**    A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.**    Each of the following is also an insured:

      **a.**    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business…

…

      **b.**    Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

      **c.**    Any person or organization having proper temporary custody of your property if you die, but only:

          **(1)** With respect to liability arising out of the maintenance or use of that property; and

          **(2)** Until your legal representative has been appointed.

      **d.**    Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.**    Any organization you newly acquire or form, other than a partnership, joint venture, or limited liability company and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization…

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

…

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

…

**2.**    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

      **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

          **(1)** How, when and where the "occurrence" or offense took place;

    **(2)** The names and addresses of any injured persons and witnesses; and

    **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

  **b.** If a claim is made or "suit" is brought against any insured, you must:

    **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.** You and any other involved insured must:

    **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)** Authorize us to obtain records and other information;

    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

11. The Policy includes the Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization endorsement, Form CG 20 10 10 01, which provides in relevant part as follows:

**SCHEDULE**

| Name of Person or Organization: |
|---|
| |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

…

**A. Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

…

7

*Id.*

12. The Policy also includes the Additional Insured – Owners, Lessees Or Contractors – Completed Operations endorsement, Form CG 20 37 10 01, which provides in relevant part as follows:

**SCHEDULE**

| |
|---|
| **Name of Person or Organization:** |
| **Location And Description of Completed Operations:** |
| **Additional Premium:** |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)
…
**Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" at the location designated and described in the schedule of this endorsement performed for that insured and included in the "products-completed operations hazard."

*Id.*

13. The Policy also includes the Elite Additional Insured Wrap Endorsement, Form CGE 1037 2402, which provides in relevant part as follows:

**ELITE ADDITIONAL INSURED WRAP**

This Endorsement modifies insurance provided under the following:
  COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by this endorsement.

**SCHEDULE**

| Optional Coverages | |
|---|---|
| Additional Insured When Required by Written Agreement – Other Parties | Excluded |
| Information required to complete this Schedule, if not shown above, will be shown on the Declarations. | |

A. **Additional Insured When Required By Written Agreement – Ongoing Operations**

1. SECTION II – WHO IS AN INSURED is amended to include as an additional insured any person or organization for whom you are performing operations when you and such

person or organization have agreed in a written agreement prior to a loss, that such person or organization be added as an additional insured on your policy.

Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    **a.** Your acts or omissions; or

    **b.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under this provision ends when your operations under the written agreement are completed.

**2.** The insurance afforded to any additional insured is subject to the terms and conditions of this policy. Coverage for any additional insured will not be broader than that which is provided by this policy and afforded to any Named Insured.

**3.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
…
**b.** This insurance does not apply to "bodily injury" or "property damage" occurring after"

    **(1)** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

    **(2)** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

**c.** This insurance does not apply if the person or organization required to be added as an additional insured is specifically named as an additional insured under any other provision of, or endorsement added to this policy.
…
…

**C. Additional Insured When Required by Written Agreement – Other Parties**

**1.** If optional coverage Additional Insured When Required By Written Agreement – Other Parties is shown as included in the schedule of this endorsement, Paragraph A. and Paragraph B. of this endorsement are amended to add as additional insured any other person or organization you are required to add as an additional insured under the written agreement described in Paragraph A. and Paragraph B. of this endorsement.

**2.** Coverage for any additional insured described in Paragraph C.1. of this endorsement will not be broader than that which is provided by this policy and afforded to any Named

9

    Insured and any additional insured described in paragraphs A. and B. of this endorsement.

   **3.**   If optional coverage Additional Insured When Required By Written Agreement – Other Parties is shown as excluded in the schedule of this endorsement, this endorsement only applies to such person or organization described in Paragraph A. and Paragraph B. of this endorsement.

**D.**   **Primary and Noncontributory**

  SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS; 4. Other Insurance; b. Excess Insurance is amended to add:

This insurance is excess over any other insurance available to an additional insured whether primary, excess, contingent or on any other basis, unless you have agreed in a written agreement prior to the loss that specifically requires that this insurance be either primary or primary and noncontributory. Then this insurance is primary to and will not seek contribution from any other insurance available to the additional insured under your policy provided that:

   **1.**   The additional insured is a Named Insured under such other insurance; and

   **2.**   You have agreed in a written agreement prior to the loss that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

Other insurance means a policy of insurance providing coverage for any portion of liability alleged against an additional insured for a claim that this policy also covers. Other insurance includes any type of self-insurance or other mechanisms by which an insured arranges for funding of legal liabilities.

**E.**   **Waiver Of Transfer Of Rights Of Recovery Against Others To Us**

SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS; 8. Transfer Of Rights Of Recovery Against Others To Us Condition is amended to add:

We waive any right of recovery against any person or organization for all or part of any payment we have made under this Coverage Part, to whom the insured has waived its right of recovery in a written agreement. However, our rights may only be waived prior to the "occurrence" for which we make payment under this Coverage Part. The insured must do nothing after a loss to impair our rights. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**F.**   **Amendments – Limits of Insurance**

With respect only to the coverage provided by this endorsement, SECTION III – LIMITS OF INSURANCE is amended to add:

   **1.**   **Aggregate Limits Of Insurance – Per Project**

>Under LIMITS OF INSURANCE shown on the Declarations, the General Aggregate Limit applies separately to each of your projects away from the premises owned by you or rented to you. This extension does not apply to the "products-completed operations hazard".
>
>**2. Applicable Limits of Insurance**
>The Limits of Insurance applicable to the additional insured are those specified in the written agreement or in the Declarations for this policy, whichever is less. These Limits of Insurance are inclusive and not in addition to the Limits of Insurance shown in the Declarations. If other insurance available to you and written by us is applicable to this additional insured, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit under any one coverage form or policy providing coverage on either a primary or excess basis.
>
>**G. Additional Conditions**
>
>With respect only to the coverage provided by this endorsement, SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS is amended to add:
>
>**Additional Insured Duty To Notify**
>
>The additional insured described in A.1., B.1., or C.1. of this endorsement must give written notice of loss, including a demand for defense and indemnity, to any other insurer which covers the additional insured for the loss we cover under this endorsement. Such notice must demand full coverage available and the additional insured shall not waive or limit such other available coverage after the loss occurs.
>
>This additional condition does not apply to the insurance available to the additional insured which covers that person or organization as a named insured.
>
>All other terms and conditions of this policy not in conflict with the terms and conditions of this endorsement shall continue to apply.
>…

*Id.*

14. The Policy also includes the General Liability Wrap, Form CGT 1000 2402, which includes but is not necessarily limited to the following provisions:

>With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by this Endorsement.
>…
>**II. AUTOMATIC ADDITIONAL INSUREDS**
>
>SECTION II – WHO IS AN INSURED on the COMMERCIAL GENERAL LIABILITY COVERAGE FORM is amended to include as an additional insured:
>
>**A. Additional Insured By Written Agreement**
>
>1. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing that such person or organization

> be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> **a.** Your acts or omissions; or
>
> **b.** The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.
>
> A person's or organization's status as an additional insured under this Endorsement ends when your operations for that additional insured are completed.
>
> …
>
> **3.** The limits of insurance applicable to such insurance shall be the lesser of the limits required by the written agreement between the parties or the limits provided by this policy.
>
> …

*Id.*

15. The CGL Policy also contains the following endorsement:

> **AMENDMENT OF INSURED CONTRACT DEFINITION**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> The definition of "insured contract" in the **Definitions** section is replaced by the following:
>
> "Insured contract" means;
> …
> **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
> …

*See* ECF 1-2.

16. Meanwhile, the Umbrella Policy also includes the Amendment of Insured Contract Definition endorsement, Form CU 24 30 04 13, which includes but is not necessarily limited to the following language:

> **AMENDMENT OF INSURED CONTRACT DEFINITION**

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
>
> Paragraph **9**. of the **Definitions** section is replaced by the following:
> …
> 9. "Insured contract" means:
>    …
>    g. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
>       …
>    …

*See* ECF 1-3.

17.   The Umbrella Policy provides as follows with respect to Who Is An Insured:

> **COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**
> …
> **SECTION II – WHO IS AN INSURED**
> …
> 3. Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.
>
>    Subject to Section **III** – Limits of Insurance, if coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:
>
>    a. Required by the contract or agreement, less any amounts payable by any "underlying insurance"; or
>
>    b. Available under the applicable Limits of Insurance shown in the Declarations.
>
>    whichever is less.
>
>    Additional insured coverage provided by this insurance will not be broader than coverage provided by the "underlying insurance".

*Id.*

18.   The Umbrella Policy also includes the Primary and Noncontributory Conditions Amended for Additional Insured Endorsement, Form CUE 2266 2402, the provisions of which include but are not necessarily limited to the following:

13

**SCHEDULE**

| |
|---|
| **Name of Person(s) or Organization(s)** <br> **Any person or organization when required in a written agreement between you and such person or organization, or any other person or organization required by such written agreement be added as additional insured on your policy.** |
| Information required to complete this Schedule, if not shown above, will be shown on the Declarations. |

…

**A. Additional Insured**

With respect only to coverage provided by this endorsement, the person or organization shown in the schedule of this endorsement is an additional insured, but only if they qualify as an additional insured under SECTION II – WHO IS AN INSURED; Paragraph 3.

**B. Additional Insured When Required By Written Agreement – Other Parties**

With respect only to coverage provided by this endorsement, any other person or organization you are required to add as an additional insured under a written agreement you execute prior to the loss with the person or organization shown in the Schedule above is an additional insured, but only if they qualify as an additional insured under SECTION II – WHO IS AN INSURED; Paragraph 3.

**C. Primary And Noncontributory**

With respect only to coverage provided by this endorsement, SECTION IV – CONDITIONS; 5. Other Insurance is amended to add:

**Primary and Noncontributory Insurance**

This insurance is excess over any other insurance available to the additional insured shown in the Schedule, and any other additional insured described in Paragraph B. of this endorsement, unless you have agreed in a written agreement prior to the loss that this insurance shall be either primary or primary and noncontributory.

If the written agreement requires that this insurance be primary and noncontributory, we will not seek contribution from any other insurance available to the additional insured provided that:

1. The additional insured is a Named Insured under such other insurance; and

2. The "underlying insurance" applies on a primary and non-contributory basis for the additional insured; and

3. The "underlying insurance" is exhausted; and

4. All other insurance applicable to the loss and providing coverage to the additional insured on a primary and non-contributory basis, except insurance available to the additional insured where they are a Named Insured, is exhausted.

Other insurance means a policy of insurance providing coverage for any portion of liability alleged against the additional insured for a claim that this insurance also covers.

> Other insurance includes any type of self-insurance or other mechanisms by which an insured arranges for funding of legal liabilities.
>
> **D. Limit of Liability**
>
> With respect only to coverage provided by this endorsement, SECTION III – LIMITS OF INSURANCE is amended to add:
>
> **Applicable Limits of Insurance**
>
> The Limits of Insurance applicable to the additional insured are those specified in the written agreement or in the Declarations for this policy, whichever is less, but only to the extent the required limits of insurance are in excess of the "underlying insurance". These Limits of Insurance are inclusive of and not in addition to the Limits of Insurance shown in the Declarations.
>
> **E. Additional Conditions**
>
> With respect only to the coverage provided by this endorsement, SECTION IV – CONDITIONS is amended to add:
>
> **Additional Insured Duty to Notify**
>
> The additional insured shown in the Schedule, and any other additional insured described in Paragraph B. of this endorsement, must give written notice of loss, including a demand for defense and indemnity, to any other insurer which covers the additional insured for the loss we cover under this endorsement. Such notice must demand the full coverage available and the additional insured shall not waive or limit such other available coverage after the loss occurs. This additional condition does not apply to the insurance available to the additional insured which covers that person or organization as a Named Insured.
>
> Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance.
>
> All other terms and conditions of this policy not in conflict with the terms and conditions of this endorsement shall continue to apply.

*Id.*

## COUNT I – Declaratory Relief

### SECURA DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY BULLEY FOR THE ALLEGATIONS OF THE UNDERLYING COMPLAINT UNDER THE POLICIES

19. The allegations made in paragraphs 1-18 above are hereby incorporated as paragraph 19 of this Count I as though fully set forth herein.

20. SECURA owes no potential duty to defend nor duty to indemnify BULLEY with respect to the Underlying Complaint and Lawsuit for a number of reasons.

21. First, BULLEY does not qualify as an insured under the SECURA Policies, as it is not named as the Named Insured on the Declarations of the Policy, nor is it scheduled as an insured or additional insured, nor does it qualify as an additional insured pursuant to any of the policy endorsements discussed above.

22. Second, without waiving the above argument that BULLEY is not an insured, the SECURA CGL Policy affords coverage subject to the terms, conditions, limitations and exclusions set forth in the Policy. See ECF No. 1-2.

23. The additional insured provisions of the SECURA CGL Policy provide that a party qualifying as an additional insured is only an additional insured to the extent that the additional insured is held liable for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by Terry Plumbing's acts or omissions or the acts or omissions of those acting on Terry Plumbing's behalf. *Id*.

24. The Underlying Complaint only seeks to impose liability on BULLEY for its own independent liability and not any liability alleged, nor potentially alleged, to have been caused in whole or in part by Terry Plumbing or anybody acting on behalf of Terry Plumbing.

25. Additionally, the SECURA CGL Policy contains various conditions precedent to coverage, including but not limited to conditions requiring that any party seeking coverage, including BULLEY, give written notice of loss, including a demand for defense and indemnity, to any other insurer having coverage for the loss under its policies, and a condition rendering any coverage that may be available from SECURA to be excess to any such other insurance.

26. Based upon investigation, information and belief, there is or may be other insurance coverage available to BULLEY, including but not limited to their own respective insurer, and from other parties, including but not necessarily limited to other contractors, subcontractors and/or

entities involved in the project, that would have potentially provided additional insurance sources to BULLEY.

27. BULLEY has not demonstrated compliance with all of the applicable Policy Conditions discussed above, and has not demonstrated that they have given written notice of loss, including a demand for defense and indemnity, to each and every other insurer having coverage for the loss under its policies, and this failure to satisfy conditions precedent to coverage is an additional basis to deny coverage for BULLEY under the Policies.

28. To the extent that any such other coverage exists for BULLEY, and even if the Court were to find that BULLEY qualifies as an additional insured on the SECURA Policy and that the liability alleged against them in the Underlying Lawsuit potentially falls within either SECURA Policy, which is denied and will continue to be denied, then any potential coverage from SECURA would apply only in excess to any other source of insurance coverage available to BULLEY, and thus, SECURA would not owe any duty to defend or indemnify BULLEY.

29. With respect to the SECURA Umbrella Policy, the Umbrella Policy contains similar or identical definitions, coverage provisions and exclusions as set forth with respect to the CGL Policy, and thus, the same reasons apply to preclude any coverage under the SECURA Umbrella Policy.

30. Moreover, the Umbrella Policy only provides coverage for "ultimate net loss" in excess of the "retained limit" subject to the other provisions, conditions, and exclusions set forth and discussed herein. The Umbrella Policy defines "retained limit" to mean the available limits of "underlying insurance", and at this time, the available limits of the "underlying insurance" have not been exhausted.

31. As such, no potential coverage, nor duty to defend or indemnify, is potentially owed pursuant to the SECURA Umbrella Policy.

For the reasons set forth above, SECURA INSURANCE COMPANY, asks this Court to enter a declaratory judgment for SECURA and against Defendants, declaring that the Commercial Policy's General Liability Coverage and the Umbrella Policy do not afford any coverage to BULLEY with respect to the Underlying Complaint and Underlying Lawsuit filed against BULLEY by NIKOLAS CARAM, and that SECURA does not owe any duty to defend or duty to indemnify BULLEY in connection with the same, and is not obligated to pay, indemnify or reimburse BULLEY for any expenses, attorneys' fees, costs, settlements, judgments, or any other costs related to CARAM's Lawsuit.

Respectfully Submitted,
SECURA INSURANCE COMPANY

By: _____
Thomas J. Costello III #35190-45
200 N. La Salle, Suite 2600
Chicago, IL 60601
312-819-1100
Fax 312-819-8062
tcostello@bestfirm.com
*Counsel for Plaintiff, SECURA Insurance*